IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00085-D

| | | |
|---|---|---|
| DIANNA PETERMAN and<br>B.P., a minor, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | **ORDER &**<br>**MEMORANDUM &** |
| v. | )<br>) | **RECOMMENDATION** |
| PAT CAUSEY, et al., | )<br>)<br>) | |
| Defendants. | )<br>) | |

This cause comes before the Court upon Plaintiff Dianna Peterman's pro se application to proceed *in forma pauperis*. (DE-1). Plaintiff has filed a notice of removal of a state court action in the General Court of Justice, Caldwell County District Court, as well as a complaint, motion to strike (DE-4), and motions for preliminary injunction and permanent injunction (DE-1-4, DE-5). In accordance with 28 U.S.C. § 636(b)(1), these matters have been referred to the undersigned for disposition and frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, her application to proceed *in forma pauperis* is GRANTED.[1] For the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED for improper venue and lack of jurisdiction and that this matter be remanded to state court. The motions to strike and for preliminary and permanent injunction (DE-1-4, DE-4, DE-5) are DENIED.

---

1. Plaintiff identifies her minor child by name in the *in forma pauperis* application and throughout her filings. In order to protect a minor's privacy, Rule 5.2(a)(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the Court. Plaintiff's filings have been temporarily sealed. The Clerk is DIRECTED to continue sealed treatment of Plaintiff's application (DE-1), motion to strike (DE-4), and motion for preliminary injunction (DE-5) so that the documents shall be accessible only to court users and case participants. Plaintiff shall identify her minor child using only the minor's initials ("B.P.") in all further court filings.

I.  **PLAINTIFF'S COMPLAINT**

In her complaint, Plaintiff appears to be attempting to pursue claims related to loss of temporary custody of her child. According to the allegations, on August 21, 2012, the Caldwell County Department of Social Services, Child Protective Services ("DSS"), filed a petition in the Caldwell County District Court alleging Plaintiff's nine-year-old daughter was neglected due to substance abuse, domestic violence, and mental health issues. Compl. 3, DE-1-1. Plaintiff retained counsel and attended a hearing on the neglect petition on September 26, 2012. *Id.* at 4. After consultation with her attorney at the hearing, Plaintiff agreed to entry of a consent order granting temporary legal custody of her daughter with DSS and placing physical custody of the child with friends of Plaintiff. *Id.* at 5. The consent order required Plaintiff to, *inter alia*, comply with random drug screenings, and undergo psychiatric, psychological, domestic violence, and substance abuse evaluations. The consent order also limited Plaintiff's visitation with her child to two hours weekly. *Id.* Plaintiff alleges her attorney misinformed her as to the ramifications of the consent order, and that she did not fully understand the order before she signed it. *Id.* at 5-6. She discharged her counsel, hired a second attorney, but was also dissatisfied with his legal representation and fired him as well. Plaintiff reports that her case has been continued until February 12, 2013.

Plaintiff filed notice of removal of the juvenile petition, as well as a complaint in this Court on February 5, 2013. Plaintiff names multiple defendants in her complaint, including the DSS case workers, the presiding district court judge, her attorneys, and her daughter's temporary guardians. The complaint makes numerous, sweeping claims against Defendants of wrongdoing, fraud, conspiracy, and aiding in the kidnapping of her daughter. Plaintiff seeks compensatory and punitive damages against all Defendants and a preliminary and permanent injunction returning her daughter to her custody. Plaintiff also requests a "witness program new identity and fresh start relocation with her daughter." Compl., Ct. IX, DE-1-1.

## II. DISCUSSION

### A. Venue

Plaintiff resides in Caldwell County, North Carolina, as do all Defendants named in this action. Caldwell County is located within the Western District of North Carolina. 28 U.S.C. § 113(c). Further, Plaintiff's claims involve actions taken by Defendants in Caldwell County, North Carolina. Accordingly, proper venue for this action is the United States District Court for the Western District of North Carolina. 28 U.S.C. § 1391(b)(1)-(2). Under 28 U.S.C. § 1406(a), this Court may dismiss this action for improper venue, or, if it is in the interest of justice, transfer this action to the United States District Court for the Western District of North Carolina. Because the federal courts generally lack jurisdiction over the matters raised in Plaintiff's complaint, as discussed below, the undersigned concludes that it would not be in the interest of justice to transfer this action. The undersigned therefore RECOMMENDS this action be DISMISSED for improper venue.

### B. Frivolity

Under 28 U.S.C. §§ 1915(e)(2), the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989).

Plaintiff contends this Court has jurisdiction under 28 U.S.C. § 1441, 18 U.S.C. §§ 2, 241, 242, and 2261A, and 42 U.S.C. § 1983. She claims due process violations under the Constitution and under the Administrative Procedures Act[2], and asserts that her loss of parental custody constitutes

---

2. While Plaintiff references the Administrative Procedures Act, it has no applicability to the instant dispute.

cruel and unusual punishment in contravention of the Eighth Amendment of the Constitution. After careful consideration of Plaintiff's claims, with due regard to her pro se status, the undersigned concludes that these claims should be dismissed.

As an initial matter, Plaintiff's statutory claims under 18 U.S.C. §§ 2, 241, 242 & 2261A fail to state a claim upon which relief can be granted. Title 18, Sections 2, 241, 242, and 2261A of the United States Code are "federal criminal statutes and do not create civil liability or confer civil jurisdiction upon the United States courts." McCabe v. United States, No. 5:97-CV-847-BO(1), 1998 U.S. Dist. LEXIS 2926, at *3 (E.D.N.C. Jan. 14, 1998); *see also* Yagoda v. Davis, No. 7:11-CV-122-BO, 2011 U.S. Dist. LEXIS 100075, at *3 (E.D.N.C. Sept. 5, 2011). Therefore, Plaintiff has failed to state a claim upon which relief can be granted under 18 U.S.C. §§ 2, 241, 242 and 2261A.

Next, Plaintiff seeks to have her daughter returned to her custody. However, there is a "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006); *see also* Manning v. Cnty. of Columbus Dep't of Children & Family Servs., No. 7:10-CV-100-FL, 2010 U.S. Dist. LEXIS 79342, at *2-3 (E.D.N.C. Aug. 5, 2010) (dismissing complaint on frivolity review where the plaintiff sought return of her child previously removed by the state). According to the allegations in Plaintiff's complaint, there is currently a case proceeding in state court regarding the custody of her daughter. Therefore, the Court should decline jurisdiction over Plaintiff's custody dispute.

This Court should likewise decline to exercise jurisdiction over Plaintiff's claim for damages under 42 U.S.C. § 1983 for violation of her constitutional rights in connection with the state court proceedings. Plaintiff's complaint makes clear that her claims concern ongoing child custody and visitation matters in state court. "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984). The Fourth Circuit has

held that *Younger* abstention is appropriate when "(1) there is an ongoing state court proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, Plaintiff's claims concern ongoing child custody and visitation matters, which implicate important state interests. Moreover, Plaintiff has an adequate state forum in which to pursue her federal constitutional claims. Thus, this Court should abstain from asserting jurisdiction over her 42 U.S.C. § 1983 claims arising from alleged violations of her constitutional rights. *See* C.C.S. v. Child Protective Servs. of Orange Cnty., No. 1:11-CV-81, 2011 U.S. Dist. LEXIS 38262, at *3-4 (M.D.N.C. Apr. 7, 2011) (finding *Younger* abstention appropriate in § 1983 action where claims concerned ongoing child custody matters and the plaintiffs had "adequate state forum in which to pursue their federal constitutional claims").

Finally, to the extent Plaintiff may be attempting to articulate malpractice claims against her retained attorneys, these are state law tort claims, and there is no compelling reason for the Court to exercise supplemental jurisdiction.

### C. Notice of Removal

The party seeking removal bears the initial burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). A defendant may remove a civil action initially filed in state court to a federal district court if "the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441(a). Here, Plaintiff is seeking to remove a juvenile petition alleging neglect filed under North Carolina's Juvenile Code. Under N.C. Gen. Stat. §7B-200, the state district court has "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected or dependent." N.C. Gen. Stat. §7B-200. As this action could not have originally been brought in federal court, Plaintiff's attempt to remove the proceeding is improper.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* is GRANTED. However, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED. The motions for preliminary and permanent injunctions (DE-1-4, DE-5) are DENIED. Plaintiff's motion to strike (DE-4) is DENIED as moot.

SO RECOMMENDED, DONE AND ORDERED in Chambers at Raleigh, North Carolina this 14th day of February, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE